HON. RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLUMBIA RIVERKEEPER, ) | |
| ) | No. 3:09-CV-05425-RBL |
| Plaintiff, ) | |
| ) | CONSENT DECREE |
| v. ) | |
| ) | |
| OREGON IRON WORKS, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

WHEREAS, Plaintiff Columbia Riverkeeper filed a Complaint against Defendant Oregon Iron Works, Inc. on July 14, 2009 alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from two facilities operated by Defendant located in Vancouver, Washington, seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs;

WHEREAS, Defendant denies Plaintiff's claims and any liability for the alleged violations; and

WHEREAS, counsel and representatives for the parties to this action have engaged in

CONSENT DECREE - 1
No. 3:09-CV-05425-RBL

discussions relating to the potential settlement of this litigation, which discussions have included an assessment of the facts surrounding the alleged violations; and

WHEREAS, Defendant has discontinued operations at one of the two facilities that is the subject of this lawsuit since the Complaint was filed and Defendant does not anticipate resuming operations at that location;

WHEREAS, Defendant has undertaken, and is implementing, measures to further ensure compliance with the Clean Water Act and to address issues raised in the notice of intent to sue served by Plaintiff at the facility that is the subject of this lawsuit where Defendant's operations continue; and

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving these actions; and

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiff's claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. The undersigned representative for each party certifies that he or she is fully authorized by the party or parties whom he or she represents to enter into the terms and

CONSENT DECREE - 2
No. 3:09-CV-05425-RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

conditions of this Consent Decree and to legally bind the party or parties and their successors in interest to it.

    3.    This Consent Decree shall apply to, and be binding upon, the parties, and upon the successors and assigns of the parties.

    4.    This Consent Decree shall apply to Defendant's operation and/or oversight of its facility located at or about 3515 SE Columbia Way, Building 48, Vancouver, Washington 98661 (the "facility").

    5.    This Consent Decree constitutes a full and complete settlement of the claims alleged in the Complaint and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the facility identified in paragraph 4 of this Consent Decree.

    6.    This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint, or the admission or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor.

    7.    In full and complete satisfaction of the claims covered by the Complaint and all other claims covered by this Consent Decree, as described in Paragraph 5, Defendant agrees to abide by and be subject to the following terms and conditions:

    a.    Defendant shall comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. WAR000275 and any successor, modified, or replacement permit (the "NPDES permit");

    b.    Defendant shall, for a period of two (2) years beginning on the date that this Consent Decree is entered by the Court, forward copies to Plaintiff of all written or

CONSENT DECREE - 3
No. 3:09-CV-05425-RBL

electronic communications between Defendant and the Washington Department of Ecology ("Ecology") concerning Defendant's compliance with the NPDES permit and the Clean Water Act, including but not limited to Discharge Monitoring Reports, Level One, Two, or Three response reports or similar adaptive management reports, correspondence, and inspection reports.  During this same period Defendant shall additionally forward copies to Plaintiff of all inspection reports and/or checklists of all visual monitoring conducted at the facility pursuant to the terms and conditions of the NPDES permit.  All copies shall be forwarded to Plaintiff on a quarterly basis and not later than the forty-fifth (45th) day following the end of each calendar quarter;

    c. Defendant shall have its stormwater consultant complete a hydrologic analysis of the entire facility within sixty (60) days of entry of this Consent Decree by the Court. Defendant shall ensure that this hydrologic analysis includes the determinations necessary to comply with paragraphs 7.d and 7.e of this Consent Decree.  The hydrologic analysis shall be performed using the Western Washington Hydrologic Model to simulate the runoff response to the rainfall quantities and patterns as provided by the existing default data sets in the model. Defendant shall provide Plaintiff with a copy of this hydrologic analysis within thirty (30) days of its completion;

    d. If the hydrologic analysis required by Paragraph 7.c of this Consent Decree determines that stormwater from any portion of the facility has the potential to discharge to the Columbia River without first being channeled into one of the facility's stormwater catch basins at an average frequency of more than once every twenty-five (25) years, Defendant shall make improvements at the facility to eliminate any such direct discharge and to ensure that all stormwater at the facility is channeled to the facility's stormwater catch basins.  Defendant shall

CONSENT DECREE - 4
No. 3:09-CV-05425-RBL

complete such improvements within one hundred and twenty (120) days of entry of this Consent Decree by the Court and shall provide written notice to Plaintiff of such completion at that time;

   e. If the hydrologic analysis required by paragraph 7.c of this Consent Decree estimates an average frequency of discharge to the Columbia River from the rock filter trench constructed near the southern edge of the facility of more than once every twenty-five (25) years, Defendant shall implement additional measures to manage stormwater to limit discharges from the trench to an average frequency of no more than once every twenty-five (25) years. Such additional measures may include, but are not limited to, increasing the capacity of the trench, installing additional catch basins, or other measures recommended by Defendant's stormwater consultant. Any stormwater that will be redirected into the trench under the requirements of paragraph 7.d of this Consent Decree shall be included in determining whether the trench is of a sufficient capacity. Defendant shall implement such additional measures, if necessary under the terms of this paragraph, within one hundred and twenty (120) days of entry of this Consent Decree by the Court and shall provide written notice to Plaintiff of such completion at that time;

   f. Defendant shall retain its stormwater consultant to prepare a report addressing all stormwater discharges from the northern portion of the facility to the separate stormwater system that discharges to the Columbia River (the "Report"). The Report shall describe additional stormwater measures to be implemented at the facility, which shall specifically include one or more stormwater treatment systems, that are, in the professional judgment of Defendant's stormwater consultant, sufficient to reduce the levels of turbidity, total zinc, total copper, total lead, and total petroleum hydrocarbons in the stormwater discharges at this location of the facility to or below the benchmarks established in the NPDES permit

CONSENT DECREE - 5
No. 3:09-CV-05425-RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

effective on the date this Consent Decree is entered by the Court.  The requirements of the previous sentence shall apply to all stormwater catch basins and discharge points that discharge to the separate stormwater system that discharges to the Columbia River.  The Report shall incorporate the results of the hydrologic analysis required by paragraph 7.c of this Consent Decree in sizing and verifying sizing of the stormwater control features, including the two existing catch basins, in this north drainage area.  The Report shall be completed within sixty (60) days of entry of this Consent Decree by the Court and a copy shall be provided to Plaintiff at that time.  The Report shall include a schedule that requires all additional stormwater measures, specifically including one or more stormwater treatment systems, to be implemented as soon as practicable and no later than two hundred and forty (240) days from the entry of the Consent Decree by the Court, and Defendant shall fully comply with this schedule.  Defendant shall provide Plaintiff with written notice of its completion of all additional measures described in the Report;

    g.  Upon entry of this Consent Decree, and irrespective of the stormwater monitoring frequency required under the Defendant's NPDES permit, Defendant shall collect samples of stormwater at the facility in the manner specified by Defendant's stormwater pollution prevention plan for the facility and the NPDES Permit on a monthly basis and have such samples analyzed for the pollutant parameters required by the NPDES Permit.  Defendant shall collect and analyze stormwater samples from both of the two stormwater catch basins located in the northern portion of the facility that discharge to the separate stormwater system that discharges to the Columbia River until such time as those two catch basins are outfitted with equivalent stormwater treatment devises.  For the purposes of this subparagraph, Defendant need not collect stormwater samples in months when precipitation is insufficient to generate a

CONSENT DECREE - 6
No. 3:09-CV-05425-RBL

stormwater discharge from the facility.  The results of all such monitoring shall be reported to Ecology on Discharge Monitoring Reports in accordance with the NPDES permit.  Defendant shall use the results of all such monitoring in a good faith effort to evaluate the effectiveness of the best management practices implemented at the facility and to determine whether additional or alternative measures are necessary to ensure that stormwater discharges at the facility do not exceed the benchmarks established in the NPDES permit.  The stormwater monitoring frequency requirements of this paragraph shall terminate two years from entry of this Consent Decree by the Court;

8. Within thirty (30) days of entry of this Consent Decree by the Court, Defendant shall make a payment in the amount of Forty Thousand Dollars ($40,000) to The Gifford Pinchot Task Force for the Clear-Lewis Road Removal Project that is described in Attachment A to this Consent Decree.  Such payment shall be made by check payable and mailed to The Gifford Pinchot Task Force, 917 SW Oak Street, Suite 410, Portland, Oregon 97205, and shall bear the notation "Columbia Riverkeeper v. Oregon Iron Works, Inc., Clean Water Act Settlement," with a copy provided to Plaintiff;

9. Within thirty (30) days of entry of this Consent Decree by the Court, Defendant shall pay Plaintiff's reasonable attorney fees and costs in the amount of Forty Thousand Dollars ($40,000) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Brian A. Knutsen, in full and complete satisfaction of any claims Plaintiff may have under the Clean Water Act for fees and costs.

10. The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any

CONSENT DECREE - 7
No. 3:09-CV-05425-RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 12.  In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties by serving written notice of request for resolution to the parties and their counsel of record.  If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the Court.

11. The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the United States Attorney General and the Administrator of the United States Environmental Protection Agency pursuant to 33 U.S.C. § 1365(c)(3).  Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administrator of the United States Environmental Protection Agency and the United States Attorney General.

12. This Consent Decree shall take effect on the date it is entered by the Court.  This Consent Decree shall terminate sixty (60) days following completion of all obligations under it.

13. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

14. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party.  The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

15. Notifications or copies required by this Consent Decree to be made to Plaintiff shall be mailed to Columbia Riverkeeper, Attn: Lauren Goldberg, 724 Oak Street, Hood River,

CONSENT DECREE - 8
No. 3:09-CV-05425-RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

Oregon 97031. Notifications required by this Consent Decree to be made to Defendant shall be mailed to Oregon Iron Works, Inc., 9700 S.E. Lawnfield Road, Clackamas, Oregon 97015.

Dated and entered this 30th day of August, 2010

*[signature: Ronald B. Leighton]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

CONSENT DECREE - 9
No. 3:09-CV-05425-RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

COLUMBIA RIVERKEEPER

Signature:       s/ Brett VandenHeuvel

Title:            Executive Director

Dated:           June 22nd, 2010

OREGON IRON WORKS, INC.

Signature:       s/ Tara A. Aarnio

Title:            General Counsel

Dated:           6/22/10

CONSENT DECREE - 10
No. 3:09-CV-05425-RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883